Curtis JONES and Barbara Jones, Appellants and Cross-Appellees,

v.

David and Nina BROWN and Dwain Reddekopp, Inc., Appellees and Cross-Appellants.

Nos. S–1708, S–1709.

Supreme Court of Alaska.

Jan. 15, 1988.

Rehearing Granted in Part and Amended April 12, 1988.

Steven G. Marks, Baxter & Marks, Juneau, for appellants and cross-appellees.

---

Douglas Pope, Wagstaff, Pope, Rogers and Clocksin, Juneau, for appellees and cross-appellants.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

The Joneses appeal from a superior court order determining that their residence violates a restrictive covenant limiting structures on their property to houses of one story or split-level design. We conclude that the Joneses' house does not violate the covenant and reverse.

This dispute concerns two lots, one owned by the Browns and one by the Joneses, in the Auke View Subdivision, an area which is valued for its panoramic views of Auke Bay. To preserve the view for all subdivision residents, the developer placed the following restrictive covenant on subdivision lots:

> [T]his declaration of covenants [is] designed so as to insure the use of the property for attractive residential purposes only, to prevent nuisance, to prevent the impairment of the attractiveness of the property and to maintain the desired tone of the community, and thereby to secure to each lot owner the full benefit and enjoyment of his home, with no greater restriction on the free and undisturbed use of his lot than is necessary to insure the same advantage to the other lot owners.
>
> *Residence Restriction.* No building or structure of any kind whatsoever other than a single family dwelling house and the after-described auxiliary structures shall be erected on the property and any such dwelling house and structures shall be used for residential purposes only. *All buildings or structures shall be either one story or split-level in design and of a height no more than is usual for houses of similar design.*

(Emphasis added).

The Joneses constructed an L-shaped house on their lot. A main floor contained a kitchen, dining room, living room and bedroom. Dormer windows extended from one side of the roof above the main floor to form an upper level with three bedrooms and a bathroom. The floor which the Joneses refer to as a "split-level" was located sixteen inches below the main floor, and it contained a family room, bathroom, laundry room, and garage.

The Browns filed suit. Trial took place before the superior court, sitting without a jury. The court found that the covenant was intended to restrict subdivision construction to buildings of no more than one and one-half stories. Because Joneses' home was a two-story structure the court found it in violation of the restrictive covenant. The trial judge determined that injunctive relief was not warranted, and awarded the Browns $12,500 in compensation for the impairment of their view of Auke Bay.

After determining that the term "split-level in design" was ambiguous, the trial court found that in the context of this case the term was intended to limit construction to a one and one-half story house, that is, a two level house in which "the floor level of rooms in one part of the house is approximately half a floor above or below the floor level in the adjoining part."

In our view, it is not necessary to determine whether the trial court erred in defining "split-level in design." The term was meant as a height restriction rather than a design restriction.[1] The relevant question is whether the Joneses house is taller than a split-level house in the sense of that term used by the trial court. The evidence is clear that it was not.

The house is nineteen feet tall. None of the three architects who testified thought it was taller than a split-level house. Architect Hoff testified that the typical split-level house would be twenty-one feet ten inches to twenty-two feet ten inches in height. Architect Bettisworth testified

---

1. Virtually every witness who was in a position to comment upon the covenant testified that its purpose was to restrict height in order to preserve a panoramic view of Auke Bay for all subdivision residents.

that a typical one story house would be from thirteen to fifteen feet in height and he assumed that a split level would be four and one-half feet taller than that, namely from seventeen and one-half to nineteen and one-half feet tall. Architect Jensen testified that the house was within an acceptable range for a one story house and was thus "lower than houses of a split-level design...."

In support of the judgment, the appellees argue that the Joneses' house was not split-level in design, a contention seemingly made independent of height considerations. The argument lacks merit since the covenant was not meant to impose design restrictions as distinct from height restrictions.

The provisions of the covenant are satisfied so long as the Joneses' house is not taller than a height which is usual for a split-level house. As there is no evidence suggesting a violation of that standard, the judgment must be vacated.

At trial, the Browns also contended that the Joneses had unnecessarily elevated the building pad of their house. The trial court noted that the evidence on this point was conflicting, but concluded that a ruling was unnecessary. Because of our decision in this case, the issue of whether the Joneses' building pad had been needlessly raised to such an extent as to render their house in violation of the covenant must be resolved. This case will be remanded to the trial court for this purpose.

REVERSED and REMANDED.